UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATCH OF LAND LENDING, LLC, *Plaintiff*, v. KT NY GROUP, LLC, et al., *Defendants*. | Civil Action No. 17-0200 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Patch of Land Lending, LLC's ("POL") ("Plaintiff") motion for default judgment against Defendants KT NY Group, LLC ("KT NY Group") and Kenneth Tse ("Tse") (together, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 15-16. For the reasons set forth herein, the motions are **GRANTED**.

**I. BACKGROUND**

Plaintiff is a Delaware limited liability company composed of a sole member, Patch of Land, Inc., a Delaware corporation. Complaint ¶ 1, ECF No. 1. Defendant KT NY Group, LLC is a New York limited liability company. Id. ¶ 2. Defendant Kenneth Tse is a citizen of New York and the sole member of KT NY Group, LLC. Id. ¶ 2-3.

On July 2, 2015, KT NY Group executed and delivered to Plaintiff a promissory note ("Note") in the original principal amount of $182,000.00, plus interest on the unpaid principal balance. Id. ¶ 10. On that same day, Tse executed and delivered to Plaintiff a commercial personal guarantee to secure repayment of the Note ("Guaranty"). Id. ¶ 11.

On that same day, KT NY Group executed and delivered to Plaintiff a commercial

mortgage and security agreement ("Mortgage") to secure repayment of the Note. Id. ¶ 12. The Mortgage granted to Plaintiff all of KT NY Group's rights, title, and interest in a parcel of property located at 175 Banta Avenue, Garfield, New Jersey 07026. Id. ¶ 13. Plaintiff later perfected the Mortgage by recording it with the Office of the Clerk in Bergen County on December 18, 2015. Id. ¶ 14.

Also on July 2, 2015, KT NY Group executed and delivered to Plaintiff a security agreement ("Security Agreement") to secure repayment of the Note. The Security Agreement assigned to Plaintiff a continuing security interest in KT NY Group's "assets, . . . personal property, . . . all furniture, fixtures and equipment" at 175 Banta Avenue, Garfield, New Jersey 07026. Plaintiff later perfected the Security Agreement by filing three UCC Financing Statements—an initial statement with the New Jersey Department of the Treasury on August 31, 2015, an amended statement on January 9, 2017, and a UCC Financing Statement Fixture Filing in the Office of the Clerk of Bergen County, New Jersey on December 18, 2015. Id. ¶ 17-19.

According to the terms of the Note, KT NY Group was required to repay the loan principal of $182,000.00 by July 1, 2016 and to make monthly interest payments of thirteen percent, or $1,971.61, to Plaintiff during the term of the loan. Id. ¶ 24. The parties also agreed that if KT NY Group defaulted on the Note (which the agreement defined as failing to remedy a missed payment within 10 days of Tse obtaining knowledge of the missed payment or of KT NY Group receiving written notice from Plaintiff regarding such missed payment), the Note would become due immediately. Id. The terms further stipulated that in the event of default, KT NY Group would pay Plaintiff liquidated damages in the amount of twenty-four percent per year from the due date. Id.

KT NY Group failed to pay any installment—both the monthly interest payments and the

2

principal repayment due on June 1, 2016—under the Note.  Id. ¶ 25.  On November 16, 2016, Plaintiff sent KT NY Group written notice of its default under the terms of the Note and provided KT NY Group with ten days to cure the default.  Id. ¶ 27; id. Ex. E.  Both KT NY Group and Tse failed to cure the Note.  Compl. ¶ 28, 32-33.

Both KT NY Group and Tse were properly served in New York on January 25, 2017.  ECF No. 15 ¶ 11, ECF No. 16 ¶ 7.  Neither Defendant has appeared in this case nor filed an answer or otherwise pled in response to the Complaint.  ECF No. 15 ¶ 15, ECF No. 16 ¶ 11.  On February 17, 2017, pursuant to Fed. R. Civ. P. 55(a), Plaintiff request an entry of default by the Clerk of Court as to KT NY Group and Tse, and the Clerk entered default on February 21, 2017.  ECF No. 15 ¶ 13-14, ECF No. 16 ¶ 9-10.

Plaintiff's Complaint contains four counts. In Count One, for breach of the Note, Plaintiff seeks payment of the Note balance by KT NY Group.  Compl. ¶¶ 23-29.  In Count Two, for breach of the Guaranty, Plaintiff seeks payment of the Guarantee balance by Tse.  Id. ¶¶ 30-34.  In Count Three, for foreclosure of the mortgage, Plaintiff seeks the foreclosure and sale of the property located at 175 Banta Avenue, Garfield, New Jersey 07026, along with any related costs and fees. Id. ¶¶35-48.  In Count Four, for foreclosure of the Security Agreement, Plaintiff seeks foreclosure and sale of the collateral property located at 175 Banta Avenue, Garfield, New Jersey 07026.  Id. ¶¶49-54.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the

Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over KT NY Group and Tse. This Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Delaware with a principal place of business in California and Defendants are citizens of New York and amount in controversy exceeds $75,000. Compl. ¶ 8. The Court has personal jurisdiction over the Defendants because a substantial portion of events giving rise to the claims occurred within New Jersey and the property located at 175 Banta Avenue, Garfield, New Jersey 07026 is within New Jersey. Id. ¶ 9.

#### B. Liability

As KT NY and Tse have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well-pled allegations as to liability. Comdyne I, 908 F.2d at 1149. The Court is satisfied that Plaintiff had adequately pled claims against KT NY

Group for breach of the Note, against Tse for breach of the Guarantee, and against both Defendants for breach of the Mortgage and Security Agreements.

Plaintiff has alleged that: (1) POL and KT NY Group executed the Note in which KT NY Group promised to repay Plaintiff $182,000.00, plus interest, see Compl. ¶ 10; Fritton Aff., Ex. A; (2) POL and Tse executed the Guaranty agreement in which Tse promised to guarantee KT NY Group's repayment of the Note; see Compl. ¶11, Fritton Aff., Ex. B; (3) KT NY Group breached the Note by failing to make any required principal or interest payments, see Compl. ¶¶ 27-29; (4) Tse breached the Guaranty when he failed to fulfill KT NY Group's obligations under the Note, see id. ¶¶ 32-34; and (5) that both breaches constitute events of default under the Note, Guaranty, Mortgage, and Security Agreement, see Compl. ¶¶ 26-28, 33; Fritton Aff. ¶¶ 24-26. Plaintiff has sufficiently alleged breach of the Note by KT NY Group and of the Guaranty by Tse.

In a foreclosure action in New Jersey, "'[t]he only material issues . . . are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises.'" Wells Fargo Bank v. Zelaya, No. 11-6807, 2012 WL 1079554 (D.N.J.) (quoting Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993)). Under Article III of the Uniform Commercial Code and New Jersey law, the mortgagee has the right to enforce the Note and related agreements if it is the holder of the negotiable instrument. See Bank of America, N.A. v. Princeton Park Associates, LLC, 2012 WL 5439006 (N.J. App. Div. 2012) (citing N.J.S.A. 12A:3-301).

Plaintiff has alleged that: (1) POL and KT NY Group executed the Mortgage which stipulated that KT NY Group would transfer its title to and interest in the property located at 175 Banta Avenue, Garfield, New Jersey 07026 in the event of default on the Note, and POL later perfected that Mortgage, see Compl. ¶¶ 12-14, 36-37; Fritton Aff., Ex. C; (2) POL and KT NY

Group executed the Security Agreement which stipulated that KT NY Group would grant a senior security interest and an unqualified right to possession and dispossession in the collateral located at 175 Banta Avenue, Garfield, New Jersey 07026 in the event of default on the Note, and POL later perfected that Security Agreement, see Compl. ¶¶ 15-19, 50-54; Fritton Aff., Ex. D; and (3) POL is the holder of the Note, Compl. ¶ 21. Plaintiff has sufficiently alleged the validity of the Mortgage and Security Agreement, the amount of payment due on the Note, and that Plaintiff is entitled to enforce the Note, Guaranty, Mortgage, and Security Agreement as it is the holder of the four agreements.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendants do not have a meritorious defense. See U.S. Small Business Admin. v. Silver Creek Const. LLC, 2014 WL 3920489 (D.N.J.), at *5. Second, the Court finds that POL will suffer prejudice absent entry of default judgment as POL will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See id.; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

POL has requested a default judgment in the amount of $200,819.12. Fritton Aff. ¶ 30, This amount is calculated as of April 27, 2017 and consists of the unpaid principal of $182,000.00,

accrued and unpaid interest in the amount of $12,881.56, unpaid late charges in the amount of $2,484.30, and unpaid charges in the sum of $3,453.26.  Id.  POL also seeks non-default interest at the rate of 13% per year, which amounts to a per diem of $66.90, from April 18, 2017.  Id.  POL has provided the Court with sufficient proof of these amounts.  Id., Ex. F.

Based on the foregoing, judgment shall be entered against KT NY Group, LLC and Kenneth Tse, jointly and severally, for $200,819.12 plus $66.90 per day until the date of full repayment. The mortgaged property and the collateral within are to be sold with the proceeds paid to Plaintiff Patch of Land Lending, LLC until the debt is fully repaid.  If the sale amount exceeds the amount of the debt, the excess shall be returned to Defendants.  Defendants are responsible for any debt remaining after the sale of the property.

## IV.  CONCLUSION

For the reasons set forth herein, POL's motions for default judgment, ECF. No. 15 and 16, are **GRANTED**.  An appropriate Order accompanies this Opinion.

**Dated: October 23, 2017**

                                            */s Madeline Cox Arleo*
                                            **Hon. Madeline Cox Arleo**
                                            **United States District Judge**